# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| NIMBUS CONCEPTS, LLC, ) | Case No. 17-21235 KHT |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| ──────────────────────── ) | |
| ) | |
| NIMBUS CONCEPTS, LLC, ) | |
| Chapter 11 Debtor-in-Possession, ) | Adversary Proceeding No. |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ROBERT E. WRIGHT, ) | |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NIMBUS CONCEPTS, LLC ("Nimbus"), Chapter 11 debtor-in-possession, by and through undersigned counsel, and for its Verified Complaint for Declaratory and Injunctive Relief, states and alleges as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (G) and (O).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(7) and (9) of the Federal Rules of Bankruptcy Procedure.

5. Plaintiff consents to the entry of final orders and judgment by the Bankruptcy Court.

## GENERAL ALLEGATIONS

6. Nimbus is a Delaware limited liability company organized to develop, market, and license or sell specialized medical devices and intellectual property for the pain management market.

7. Nimbus filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on December 11, 2017 (the "Nimbus Bankruptcy").

8. Mr. Wright and his spouse filed their voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 17, 2017, bankruptcy case number 17-13391 TBM (the "Wright Bankruptcy").

9. Mr. Wright is one of the founding members of Nimbus. However, Mr. Wright's management role in Nimbus ceased before initiation of the Wright Bankruptcy.

10. The remaining members of Nimbus' board of directors are Mark Kraft ("Mr. Kraft"), Mike Hogan ("Mr. Hogan"), and Scott Brandt ("Mr. Brandt").

11. Nimbus filed a proof of claim in the Wright Bankruptcy. Mr. Wright disputes Nimbus' claim. *See* Proof of Claim No. 9 and Docket Nos. 138, 197, and 315 in the Wright Bankruptcy.

12. Nimbus filed a motion to sell substantially all of its assets on May 18, 2018 (Docket No. 76). Mr. Wright objected to the same (Docket No. 80).

13. If the proposed sale is approved, Nimbus will receive proceeds sufficient to pay its scheduled debts in full.

14. On May 22, 2018, Mr. Wright filed a Complaint with Jury Demand (the "Complaint") against Mr. Kraft and Mr. Hogan in the United States District Court for the District

of Colorado, case number 18-cv-1253 (the "Director Lawsuit"). Service of process has been effectuated on at least one of the defendants in the Director Lawsuit. A true and accurate copy of the Complaint is attached hereto as **Exhibit 1**.

15. In the Director Lawsuit, Mr. Wright asserts libel, abuse of process, and intentional infliction of emotional distress claims against Mr. Kraft and Mr. Hogan.

16. The claims brought by Mr. Wright in the Director Lawsuit are asserted against Mr. Kraft and Mr. Hogan relating to purported actions taken by Mr. Kraft and Mr. Hogan in their capacities as directors of Nimbus.

17. The Second Amended and Restated Limited Liability Company Agreement of Nimbus Concepts, LLC, attached hereto as **Exhibit 2**, contains the following provisions, among others:

   a. "Covered Person" means (i) any Member, any Affiliate of a Member, any officer, director, trustee, shareholder, member, manager, beneficiary, partner, employee, representative or agent of any Member or of such Member's Affiliates, (ii) any Person who is elected to serve as a Director and (iii) any employee or agent of the Company or of any member who is designated as a Covered person by the Board of Directors.

   b. 11.4 <u>Indemnification</u>. To the fullest extent permitted by applicable law, a Covered Person shall be entitled to indemnification from the Company for any loss, damage or claim incurred by such covered Person by reason of any act or omission performed or omitted by such Covered Person in good faith on behalf of the Company or its subsidiaries and in a manner reasonably believed to be within the scope of authority conferred on such Covered Person by this Agreement […].

   c. 11.5 <u>Expense</u>. To the full extent permitted by applicable law, expenses (including

legal fees) incurred by a Covered Person in defending any indemnifiable claim, demand, action , suite or proceeding shall, from time to time, be advanced by the Company prior to the final disposition of such claim, demand, action, suit or proceeding upon receipt by the Company of an undertaking by or on behalf of the Covered Person to repay such amount if it shall be determined that the Covered Person is not in fact entitled to be indemnified as authorized in this Article 11.

18. The indemnification provision quoted above requires a "Covered Person" to be indemnified to the "fullest extent permitted by applicable law" and for Nimbus to pay any legal fees and expenses necessary to defend a "claim, demand, action, suit or proceeding" against a "Covered Person."

19. Nimbus is a Delaware limited liability company and Delaware law applies.

20. Delaware law permits broad indemnification of corporate officers and directors, provided that the indemnification does not offend public policy. *In re Am. Film Techs., Inc.*, 175 B.R. 847, 848 (Bankr. D. Del. 1994).

21. Mr. Kraft and Mr. Hogan are "Covered Persons" and Nimbus is obligated to indemnify them and pay their legal fees and expenses in connection with the Director Lawsuit.

22. If the Director Lawsuit is allowed to continue, Nimbus will incur significant attorney fees and expenses defending Mr. Kraft and Mr. Hogan.

23. If Mr. Kraft and Mr. Hogan are found liable, Nimbus is obligated to indemnify Mr. Kraft and Mr. Hogan.

24. In addition, any finding of liability would likely be based upon Mr. Kraft's and Mr. Hogan's actions as agents of Nimbus. Such liability will expose Nimbus to vicarious liability under the doctrine of *respondeat superior* and the risk of being collaterally estopped from denying liability for the actions of its agents.

25.     While ordinarily the automatic stay of Section 362 of the Bankruptcy Code affords protection only to debtors and does not extend to non-debtor individuals or entities, the 10th Circuit has recognized a narrow exception to the general rule in circumstances such as these. *See Glob. Logistics Sols., LLC v. Ciao Grp., Inc.*, 2016 WL 1586425, at *3 (D. Colo. Apr. 20, 2016).

26.     In one of the leading cases on this issue, *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 at 999 (4th Cir. 1986), *cert. denied*, 479 U.S. 876 (1986), the court extended the application of the automatic stay to a third-party because the "debtor and [the third party] non-debtor are so bound by statute or contract that the liability of the [third party] non-debtor is imputed to the debtor by operation of law," and the result "would be binding upon the debtor's estate." *Id*. In *A.H. Robins*, the court determined that to refuse application of the stay under such circumstances would defeat the very intent and purpose of Section 362 of the Bankruptcy Code.

27.     Here, the costs and expenses of defending the Director Lawsuit will be borne by Nimbus and any liability of Mr. Kraft and Mr. Hogan in connection with the Director Lawsuit would be imputed to Nimbus by operation of law. Thus, the stay of 11 U.S.C. § 362 should be extended to Mr. Kraft and Mr. Hogan.

**FIRST CLAIM FOR RELIEF**
(Declaration that the Stay Applies to the Director Lawsuit – 28 U.S.C. § 2201(c), 11 U.S.C. § 105(a), and 11 U.S.C. § 362)

28.     Nimbus incorporates by this reference the allegations contained in Paragraphs 1 - 27 above as though fully set forth herein.

29.     Nimbus, Mr. Kraft, and Mr. Hogan are bound by contract in such a way that (a) Nimbus must fund the cost of Mr. Kraft's and Mr. Hogan's legal defense and (b) the liability of Mr. Kraft and Mr. Hogan in the Director Lawsuit may be imputed to Nimbus.

30.     In addition, any finding of liability against Mr. Kraft and Mr. Hogan could be given collateral estoppel effect against Nimbus.

Case:18-01181-KHT   Doc#:1   Filed:06/06/18   Entered:06/06/18 15:28:09   Page6 of 7

31. Accordingly, this Court should declare that the stay set forth in Section 362 be extended to the Director Lawsuit to prevent irreparable damage to the bankruptcy estate of Nimbus.

WHEREFORE, Nimbus respectfully requests that the Court enter judgment in its favor and against Mr. Wright, extending the stay of 11 U.S.C. § 362 to Mr. Kraft and Mr. Hogan in the Director Lawsuit and granting such other relief as deemed appropriate.

## SECOND CLAIM FOR RELIEF
(Permanent Injunction – 11 U.S.C. § 105(a))

32. Nimbus incorporates by this reference the allegations contained in Paragraphs 1 - 31 above as though fully set forth herein.

33. Mr. Wright's prosecution of the Director Lawsuit violates the automatic stay set forth in Section 362 of the Bankruptcy Code.

34. In an injunction does not issue enjoining Mr. Wright from continuing the Director Lawsuit, the Debtor will suffer irreparable injury, including, without limitation, the following: (a) the obligation to fund the defenses of Mr. Kraft and Mr. Hogan; (b) the risk of having to indemnify Mr. Kraft and Mr. Hogan; and (c) the potential collateral estoppel effect against Nimbus of any judgment entered against Mr. Kraft and Mr. Hogan.

35. Mr. Wright will suffer no damage to any legal right or interest since the claims brought in the Director Lawsuit can be presented as claims against Nimbus in Nimbus' bankruptcy case.

36. The injunction sought will not be adverse to the public interest.

WHEREFORE, Nimbus respectfully requests that the Court enter judgment in its favor and against Mr. Wright, enjoining Mr. Wright from continuing to prosecute the Director Lawsuit; and granting such other relief as deemed appropriate.

Dated this 6th day of June, 2018.

>Respectfully submitted,
>
>WADSWORTH WARNER CONRARDY, P.C.
>
>*/s/ David V. Wadsworth*
>
>_____
>David V. Wadsworth, #32066
>David J. Warner, #38708
>1660 Lincoln St., Suite 2200
>Littleton, CO 80120
>(303) 296-1999; (303) 296-7600 (fax)
>dwadsworth@wwc-legal.com
>dwarner@wwc-legal.com
>ATTORNEYS FOR THE DEBTOR

## VERIFICATION

I, Mark Kraft, director of Nimbus Concepts, LLC, being of lawful age, have read the foregoing Verified Complaint for Declaratory and Injunctive Relief and the allegations and facts contained therein are true and correct to the best of my knowledge, information and belief.

NIMBUS CONCEPTS, LLC

*Mark Kraft*
_____           Dated: 6/6/2018 8:01:58 AM PDT
By: Mark Kraft
Its: Director

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| NIMBUS CONCEPTS, LLC, ) | Case No. 17-21235 KHT |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| ) | |
| NIMBUS CONCEPTS, LLC, ) | |
| Chapter 11 Debtor-in-Possession, ) | Adversary Proceeding No. 18-01181 KHT |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ROBERT E. WRIGHT, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR (A) TEMPORARY RESTRAINING ORDER; (B) PRELIMINARY INJUNCTION; AND (C) FORTHWITH HEARING

NIMBUS CONCEPTS, LLC ("Nimbus"), Chapter 11 debtor-in-possession, by and through undersigned counsel, and pursuant to the provisions of Fed. R. Civ. P. 65(b), made applicable to this proceeding by Fed. R. Bankr. P. 7065, requests that the Court enter a temporary restraining order ("TRO") and a preliminary injunction mandating and requiring Robert E. Wright ("Mr. Wright"), including Mr. Wright's attorneys, officers, agents, servants, employees, and any all persons in active concert or participation with him, to immediately seek an abeyance of the lawsuit filed by Mr. Wright against Mr. Kraft and Mr. Hogan in the United States District Court for the District of Colorado, case number 18-cv-1253 (the "Director Lawsuit") and to cease prosecution of the Director Lawsuit. Nimbus further moves for the forthwith setting of a hearing on the Motion for TRO. In support of this motion, Nimbus states as follows:

Case:18-01181-KHT   Doc#:5   Filed:06/06/18   Entered:06/06/18 15:45:25   Page2 of 11

1.  Nimbus commenced this action by filing a Verified Complaint for Declaratory and Injunctive Relief (the "Complaint") contemporaneously with this motion (Docket No. 1). The allegations and defined terms set forth in the Complaint are incorporated herein by this reference.

2.  As set forth in the Complaint, the Court has jurisdiction over this matter.

### Application of the Automatic Stay

3.  Ordinarily, the automatic stay does not apply to non-debtor third parties. However, an exception to the general rule originated with *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir.1986):

> In *A.H. Robins*, the Fourth Circuit held that suits against a debtor's codefendants may be stayed "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." 788 F.2d at 999. According to the Fourth Circuit, "An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." *Id.* The Tenth Circuit has indicated that it would follow *A.H. Robins* […]. *See Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir.1994).

*Fisher Sand & Gravel Co. v. W. Sur. Co.*, No. CV 09-727 WPL/RLP, 2009 WL 4099768, at *3 (D.N.M. Oct. 20, 2009).[1]

---

[1] The 10th Circuit's ruling in *Otoe Cty. Nat. Bank v. W & P Trucking, Inc.*, 754 F.2d 881, 883 (10th Cir. 1985) also indicates that it agrees with the weight of authority that the automatic stay may be extended to non-debtor third parties in certain circumstances.

4.  Following *A.H. Robins Co.*, Nimbus filed the Complaint seeking (a) a declaration that the automatic stay is extended to Mr. Kraft and Mr. Hogan in the Director Lawsuit and (b) an injunction against further action against Mr. Kraft and Mr. Hogan in the Director Lawsuit. Nimbus would suffer immediate and irreparable harm if the benefit of the automatic stay is not extended to the Director Lawsuit.

5.  By this Motion, Nimbus seeks entry of a temporary restraining order and preliminary injunction pending trial enjoining Wright from prosecuting the Director Lawsuit.

Motion for Temporary Restraining Order

  A. *Grounds for Entry of the TRO*

6.  Fed. R. Civ. P. 65(b) provides in relevant part: "A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Rule 65(b) therefore sets forth two requirements that must be established before a TRO may issue: (1) immediate threat and (2) irreparable harm.

7.  Both requirements are present here. Immediate threat is shown for at least three reasons:

  (a) Nimbus is contractually obligated to fund the legal defenses of Mr. Kraft and Mr. Hogan in the Director Lawsuit;

  (b) Nimbus is contractually obligated to indemnify Mr. Kraft and Mr. Hogan from any liability; an

  (c) any judgment entered against Mr. Kraft and Mr. Hogan in the Director Lawsuit may have preclusive effect upon Nimbus.

  (d)  Wright is playing "fast and loose" with permissible discovery procedures in the two bankruptcy cases necessitating the need for independent counsel to represent Mr. Kraft and Mr. Hogan and thereby impeding the resolution of Nimbus' claim in the Wright Bankruptcy.

  8.  Mr. Kraft and Mr. Hogan's respective claims against Nimbus to fund their defenses are administrative expenses of the Nimbus bankruptcy estate that will immediately have a deleterious impact on the funds available for distribution to creditors in the Nimbus Bankruptcy. Any indemnification obligation and/or independent liability of Nimbus would similarly dilute the distribution to other creditors.

  9.  Moreover, the cost and burden of the duty to defend is not speculative. The impact of this duty in these cases is confusing and requires some background. As the Court is aware, there is an evidentiary hearing scheduled in the Wright Bankruptcy regarding Wright's objection to Nimbus' proof of claim filed in that case. The hearing is scheduled for June 28 and 29, 2018.

  10.  While that contested matter was pending in the Wright Bankruptcy, Wright sought and obtained authorization in the Nimbus Bankruptcy to conduct Rule 2004 examinations of Mr. Kraft (who resides in Las Vegas) and Mr. Hogan (who resides in Zambia, Africa) on topics that he asserted do "not have any relation to [the Wright Bankruptcy] or any contested matter pending in [the Wright Bankruptcy]." Nimbus Docket No. 60 at ¶ 4.

  11.  Within two weeks of obtaining the Rule 2004 authorization, Wright commenced the Director Lawsuit.

  12.  Mr. Hogan and Mr. Kraft are justifiably concerned that any examination conducted by Wright's counsel pursuant to Rule 2004 or in connection with the contested claim objection will be used against them in the Director Lawsuit and have stated that they will require individual counsel to defend them and represent their individual interests at any Rule 2004 examination. For

Mr. Kraft, especially, this is not an idle concern as the claims against him in the Director Lawsuit are explicitly premised on his signing and filing the Nimbus proof of claim in the Wright Bankruptcy.

13. Thus, not only will Nimbus have to immediately begin incurring costs of defense as a result of the Director Lawsuit in the Director Lawsuit but also <u>in the Nimbus Bankruptcy and the Wright Bankruptcy</u>, likely beginning with a motion for protective order. These are the exact types of actions the automatic stay is designed to prevent. This is immediate, concrete harm. Allowing the Director Lawsuit to proceed would immediately threaten Nimbus and its attempts to preserve its assets for the benefit of creditors by subjecting Nimbus to a substantial administrative expense claim for the legal defenses of Mr. Kraft and Mr. Hogan.

14. Irreparable harm is likewise shown. The courts have recognized that irreparable harm does not lend itself to precise definition. *See, e.g. Dominion Video Satellite v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). In general, irreparable harm must be certain and great and incapable of compensation through monetary damages. Here, as set forth in the Complaint, if a TRO does not issue enjoining Wright from prosecuting the Director Lawsuit, Nimbus will suffer irreparable injury by losing one of the main benefits of bankruptcy: the application of the automatic stay to protect Nimbus from the effects of actions pending in other courts.

15. As stated above, courts have recognized that the automatic stay applies to actions if "bankruptcy proceedings would be adversely impacted if the case is not stayed as to the debtor's efforts to reorganize." *Robert W. Thomas & Anne McDonald Thomas Revocable Tr. v. Inland Pac. Colorado, LLC*, No. 11-CV-03333-WYD-KLM, 2013 WL 708493, at *3 (D. Colo. Feb. 26, 2013). If Mr. Kraft and Mr. Hogan are found liable to Wright in the Director Lawsuit, Nimbus would be obligated to pay the judgment. Additionally, regardless of Nimbus' contractual

obligation to indemnify its officers and directors, any liability of Nimbus' officers and directors would likely be imputed to Nimbus under the doctrine of collateral estoppel and Nimbus would be estopped from denying liability to Wright in the event Wright asserted a direct claim for damages against Nimbus (which would be consistent with his amended schedules which expressly state that his claim is against Nimbus directly, in addition to the directors). *See* Wright Bankruptcy Docket No. 293.

16.     Allowing the Director Lawsuit to proceed will irreparably harm Nimbus because Nimbus' obligations to fund a defense for Mr. Kraft and Mr. Hogan and to indemnify Mr. Kraft and Mr. Hogan from liability are absolute and immediate.[2] It appears, moreover, that the Director Lawsuit is part of Wright's overall strategy to delay Nimbus' legitimate attempts to prosecute its claim in the Wright Bankruptcy and to thwart Nimbus' efforts to maximize the value of its assets for the benefit of legitimate creditors. There is a pending Motion to Sell substantially all of Nimbus' assets in the Nimbus Bankruptcy which, if consummated, Nimbus estimates will generate sufficient proceeds to pay in full all scheduled creditor claims. Assuming the sale is consummated, Nimbus would then seek to resolve any disputes regarding claims to the sale proceeds through a liquidating plan of reorganization. However, instead of welcoming the sale which would preserve the value of Nimbus' estate, Mr. Wright objected to the Motion to Sell and initiated the Director Lawsuit to gain leverage in connection with Nimbus' pending claim in the Wright Bankruptcy and his own future contested claims in the instant bankruptcy case. Mr. Wright apparently seeks to stymie Nimbus' efforts to defend its contested claim in Mr. Wright's bankruptcy by preventing

---

[2] Mr. Wright might argue that under Delaware law, Mr. Kraft and Mr. Hogan are not entitled to indemnification by Nimbus on public policy grounds because some of the torts asserted in the Director Lawsuit were intentional. This assertion is contrary to Delaware law. Further, Nimbus' obligation to fund the defenses of Mr. Kraft and Mr. Hogan is absolute and the extent and scope of Nimbus' indemnity obligations will be the subject of litigation: "[T]his is precisely the point. To avoid the collateral estoppel effect, [Nimbus] must participate in the defense of the [Director Lawsuit]. That requires [Nimbus] to do precisely what the automatic stay is intended to excuse it from doing." *In re Am. Film Techs., Inc.*, 175 B.R. 847, 851 (Bankr. D. Del. 1994).

Nimbus from raising any funds (through a sale of its intellectual property before its patents and copyrights expire) and forcing Nimbus to participate in the Director Lawsuit. In this manner, Nimbus' bankruptcy estate will be irreparably harmed if the Director Lawsuit is allowed to proceed.

17.     Under the foregoing circumstances, the Court should find that Nimbus has established an imminent risk of irreparable harm if Mr. Wright is not enjoined from prosecuting the Director Lawsuit.

18.     Having established sufficient grounds for the entry of a TRO against the Debtor, Nimbus therefore requests entry of the TRO.

## Motion for Forthwith Hearing

19.     In consideration of the imminent risk of irreparable harm if Mr. Wright is not enjoined as requested herein, Nimbus moves for the setting of a hearing on the Motion for TRO as soon as possible. Nimbus anticipates the hearing will take approximately two hours.

20.     Mr. Wright has been served this Motion and the Complaint by first class mail in the manner authorized under Fed.R.Bankr.P. 7004(b)(1) and (3). This Motion, the proposed orders, and the Verified Complaint were also served by email on Mr. Wright, through counsel, via CM-ECF.

21.     In the event the Court enters the Order setting a hearing on the Motion for TRO, Nimbus will serve a copy of the Order on the Debtor by e-mail as follows: (a) if notified by ECF Pacer e-mail of the Order before 4:00 p.m., on or before the close of business on the date of entry of the Order or (b) if notified by ECF Pacer e-mail of the Order after 4:00 p.m., on or before 10:00 a.m. on the business day following the date of entry of the Order.

### Motion for Preliminary Injunction

22.     In addition to entry of a TRO, Nimbus seeks entry of a preliminary injunction pending the outcome of the trial on the merits in this proceeding.

23.     A party is entitled to a preliminary injunction when it can show the following: "(1) that is has a substantial likelihood of prevailing on the merits; (2) that it will suffer irreparable injury if the injunction is denied; (3) that the threatened injury to the movant outweighs the injury that the opposing party will suffer under the injunction; and (4) that the injunction would not be adverse to the public interest." *Utah Licensed Beverage Ass'n v. Leavitt*, 256 F.3d 1061, 1065-66 (10th Cir. 2001). Here, all four factors weigh heavily in favor of entry of a preliminary injunction.

24.     First, Nimbus has a substantial likelihood of prevailing on the merits. The Tenth Circuit has adopted a "liberal definition of the 'probability of success' requirement: To justify a temporary injunction it is not necessary that the plaintiff's right to a final decision, after trial, be absolutely certain, wholly without doubt; if the other elements are present (i.e. the balance of the hardships tips decidedly toward plaintiffs), it will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). "The elements of probable success on the merits and irreparable harm, in the context of this proceeding, are essentially a matter of whether [Nimbus] would be seriously adversely effected if the benefit of the automatic stay is not extended to the [Director Lawsuit]." *In re Am. Film Techs., Inc.*, 175 B.R. 847, 849 (Bankr. D. Del. 1994). Nimbus easily meets this limited burden here. As explained above, Wright is attempting to assert pressure against Nimbus by bringing claims against its corporate officers for actions they took in the scope of their corporate duties. If the stay of Section 362 is not extended to such non-debtor individuals Nimbus will be harmed. Nimbus has an absolute contractual obligation to defend and indemnify Mr. Kraft and

Mr. Hogan. If the Director Lawsuit continues, Nimbus will incur significant legal fees further diminishing the return to creditors in the Nimbus bankruptcy case. If Mr. Kraft and Mr. Hogan are found liable, Nimbus is obligated to indemnify them. Allowing the Director Lawsuit to continue will eliminate one of the primary benefits of Nimbus' bankruptcy filing. At a minimum, the conduct complained of raises questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation.

25. Second, as discussed above, Nimbus will suffer irreparable injury if the injunction is denied. "A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain." *Dominion Video Satellite*, 269 F.3d at 1156. In addition, "difficulty in collecting a damage judgment may support a claim of irreparable injury." *Tri-State Generation and Transmission Association, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 356 (10th Cir. 1986). With these considerations in mind, irreparable injury is explained in the Motion for a Temporary Restraining Order, above. As previously explained, it will be very difficult and time consuming, after the fact, to make Nimbus whole again if the automatic stay is not honored. Wright is also a debtor in bankruptcy and may not be able to compensate Nimbus for any harm caused by allowing the Director Lawsuit to continue.

26. Third, the threatened injuries to Nimbus outweigh any injuries that Mr. Wright will suffer under the proposed injunction. Indeed, entry of an injunction will not impair any legal right or interest of Mr. Wright. He has already initiated the Director Lawsuit and it can be held in abeyance while the Complaint seeking a permanent injunction is litigated. In the unlikely event he prevails in connection with the Complaint, Mr. Wright can simply continue to prosecute the Director Lawsuit at a later date.

27. Fourth, the injunction would not be adverse to the public interest. To the extent any public interest is implicated in the underlying case, the proposed injunction would likely serve that interest. Nimbus is doing its best to maximize the value of its assets for the benefit of creditors. Injunctive relief is sought in furtherance of those efforts. The public interest would be served by rejecting Wright's subterfuge and recognizing that his claims against Mr. Kraft and Mr. Hogan are simply claims against Nimbus that should be brought in this Bankruptcy case, if at all.

28. As all four of the preliminary injunction considerations weigh in favor of entry of the injunction, Plaintiffs request entry of the proposed injunction.

Bond

29. Nimbus is exempt from the bond requirements set forth in Rule 65(c). *See* Fed.R.Bankr.P. 7065 ("Rule 65 F.R.Civ.P. applies in adversary proceedings, except that a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c).").

WHEREFORE, Nimbus respectfully moves this Court to (a) set a hearing as soon as possible on the Motion for TRO; (b) enter a TRO in the form attached hereto enjoining Mr. Wright as set forth herein until entry of a preliminary injunction; (c) enter a preliminary injunction in the form attached hereto enjoining Mr. Wright set forth herein pending the outcome of the trial on the merits in this proceeding; and (d) grant such other and further relief as deemed proper.

Dated this 6th day of June, 2018.

    Respectfully submitted,
    WADSWORTH WARNER CONRARDY, P.C.
    */s/ David V. Wadsworth*
    David V. Wadsworth, #32066
    David J. Warner, #38708
    2580 W. Main St., Ste. 200
    Littleton, CO 80120
    303-296-1999 / 303-296-7600 FAX
    dwadsworth@wwc-legal.com
    dwarner@wwc-legal.com

### CERTIFICATE OF MAILING

I hereby certify that on this 6th day of June, 2018, true and correct copies of the foregoing **MOTION FOR (A) TEMPORARY RESTRAINING ORDER; (B) PRELIMINARY INJUNCTION; AND (C) FORTHWITH HEARING, proposed orders, and the Verified Complaint** were placed in the United States mail, postage prepaid, to the following:

Robert E. Wright
925 Lincoln St., #15
Denver, CO 80203

Patrick D. Vellone
1600 Stout St., Suite 1100
Denver, CO 80202

*/s/Angela Garcia*
_____
WADSWORTH WARNER CONRARDY, P.C.